Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 1793 | **DATE** | 9/13/2004 |
| **CASE TITLE** | Marvin Greer vs. Winters | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth on the attached Memorandum Opinion and Order, the Court denies Greer's petition for habeas relief. Greer's motion for reconsideration of the denial of appointment of counsel (14-1) is denied. The Clerk of Court is directed to enter judgment in favor of respondent.

(11) ■ [For further detail see order attached to the original minute order.]

UNITED STATES OF AMERICA ex rel.
MARVIN GREER,

        Petitioner,

vs.

KEVIN L. WINTERS,

        Respondent.

Case No. 04 C 1793

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Following a bench trial in the Circuit Court of Cook County, Marvin Greer was found guilty of first degree murder, possession of a stolen motor vehicle, burglary, and escape. He was sentenced to 25 years imprisonment for murder and to concurrent terms of seven years on each of the other charges. This matter is before the Court on Greer's petition for a writ of habeas corpus under 28 U.S.C. § 2254. For the reasons set forth below, the Court denies Greer's petition.

### Background

The Court takes the following account from the decision of the Illinois Appellate Court *People v. Greer*, No. 1-99-2505 (Ill. App. Dec. 4, 2000). The Court presumes the facts set forth by the Appellate Court to be correct for purposes of habeas corpus review. *Sumner v. Mata*, 449 U.S. 539, 547 (1981); 28 U.S.C. § 2254(e)(1).

On December 23, 1996, Arthur Frierson was killed when Greer, who was driving a stolen pickup truck and being pursued by police, hit Frierson's car at the intersection of Hamlin and Madison on the west side of Chicago. Greer was charged with first degree murder, two counts of

felony murder, aggravated possession of a stolen motor vehicle, possession of a stolen motor vehicle, burglary, aggravated fleeing or attempt to elude a police officer, and escape.

At trial, the state introduced evidence showing that shortly after 1 a.m. on the date in question, Chicago Police officers Jeffrey Pawlak and William Bartkowicz were on routine patrol, driving a marked vehicle westbound in the 3800 to 3900 block of West Washington Street, where they saw Greer driving a pickup truck headed eastbound directly toward them, even though they were in the westbound lanes. The officers swerved to avoid being hit by Greer, and as Greer passed them, Officer Pawlak saw the brake lights go on. Then, as Pawlak made a u-turn to pull Greer over, the brake lights went off and Greer accelerated. The officers activated the rotating blue lights and flashing headlights on their vehicle and pursued Greer.

Greer drove through a red light at the intersection of Hamlin and Washington, turning southbound on Hamlin. The officers sped up, and when they reached the same intersection, they saw Greer go through the red light at Madison and hit a small car, driven by Frierson, that was already in the intersection. Greer made no attempt to slow down, stop, or avoid the car, and Pawlak never saw the brake lights of the truck go on again. Greer's vehicle continued forward after the crash. Greer rolled out of the passenger side door and ran westbound near Monroe. Pawlak and his partner chased Greer to a vacant lot and surrounded him. Greer ignored their order to get down on the ground, and a struggle ensued. The officers managed to place one handcuff on Greer before he upended Pawlak and ran away. The officers radioed for help and began a yard-to-yard search for Greer, but they were unable to find him.

The officers returned to the scene of the crash, where they observed that the opera window behind the driver's side of the truck Greer was driving had been broken out and taped.

2

The steering column had also been broken, and the driver's side door lock had been removed. The officers also noticed that the driver's side door of Frierson's car had been completely smashed in. The driver's side seat was also completely broken, and Frierson was still inside.

Chicago police officer Dimitrios Lamperis testified that around 3:20 a.m., he responded to a dispatch reporting a suspicious person on the roof of a building at 3841 West Monroe Street; he requested that the fire department offer assistance. Lamperis used the fire department's ladder to climb to the roof of the building, where he observed that the handle on the roof hatch had been broken, and the hatch had been completely removed. Through the opening, he saw Greer with a handcuff on his left wrist. When Lamperis and his partner went through the opening, Greer ran downstairs. After a floor-to-floor search of the building, the officers found Greer in the basement. Greer resisted the officers' attempts to restrain him. With the help of several officers, Lamperis subdued Greer and put him in a squad car. Pawlak and his partner identified Greer as the person who had fled the crash scene earlier that morning. Lamperis testified that the owner of the building did not give Greer permission to enter it.

Pawlak testified that he completed a case report and an alcohol incident report. He observed that Greer was frightened, unable to turn around, and had bloodshot eyes. Greer admitted to Pawlak that he had been using cocaine continuously for four days prior to the car crash. Pawlak acknowledged that he had issued Greer a number of traffic citations as a result of the incident, but that none of them were for fleeing or eluding police.

Chicago Police Detective Dennis Walsh, who investigated the crash, testified that he saw no skid marks at or near the intersection where the crash occurred. He also testified to his familiarity with the area and estimated that it would have taken Greer approximately 15 to 20

3

seconds to drive down Hamlin from Washington to Madison if he were traveling at the posted speed limit of 30 miles per hour. The parties stipulated to the report of the Cook County medical examiner which concluded that Frierson's death was caused by multiple injuries resulting from the crash.

The trial court granted Greer's motion for a directed finding of not guilty as to count two, felony murder based on burglary, and count seven, aggravated fleeing or attempting to elude a police officer. At the conclusion of argument, the trial court reviewed the evidence and found Greer guilty of first degree murder, possession of a stolen motor vehicle, burglary, and escape. The trial court determined that the prosecution had not proven Greer guilty of the second count of felony murder based on aggravated possession of a stolen motor vehicle or the count alleging that underlying aggravated possession offense.

On direct appeal, Greer argued only the sufficiency of the evidence to sustain his conviction of first degree murder. He argued that there was insufficient proof that he was fleeing from the police and thus he should have been convicted only of the lesser offense of vehicular homicide.

## Discussion

### 1. Ineffective assistance of counsel

Greer argues that his trial and appellate counsel rendered constitutionally ineffective assistance in several respects. He claims that he was denied effective assistance of counsel at the trial level, when his lawyer failed to raise an intoxication defense. He also claims that his appellate counsel was ineffective for failing to attack the trial counsel's failure to pursue that defense. Greer further contends that he was denied effective assistance of appellate counsel

4

when his lawyer failed to raise the issue of the disproportionality of his sentence when compared to the sentences of similarly situated defendants, as well as the issue of whether the offense of aggravated possession of a stolen vehicle can serve as the predicate felony for purposes of the Illinois felony murder statute.

Respondent argues that Greer has procedurally defaulted any ineffective assistance claims. The Court agrees. Respondent appears to concede that Greer raised these issues at the trial and appellate levels and on collateral attack of his conviction. But it is undisputed that Greer failed to raise these claims in his petition for leave to appeal to the Illinois Supreme Court. This is a procedural default barring review of these claims in federal court absent a showing of cause and prejudice. *See White v. Godinez*, 192 F.3d 607, 608 (7th Cir. 1999) (failure to pursue discretionary appeal to highest court of the state constitutes procedural default). Greer has not shown cause for the default, and thus this Court is barred from reviewing Greer's ineffective assistance claims on the merits.

## 2. Whether aggravated possession of a stolen vehicle can be the predicate felony for purposes of the felony murder doctrine

Greer next argues that the trial court erroneously convicted him of first degree murder under the felony murder doctrine, because aggravated possession of a stolen vehicle is not a "forcible felony" as enumerated under 720 ILCS 5/2-8 and therefore cannot serve as the predicate felony for a charge of felony murder. In support of this claim, Greer cites *People v. Belk*, 203 Ill.2d 187, 784 N.E.2d 825 (2003), in which, several years after Greer's conviction, the Illinois Supreme Court held that this particular offense cannot support a felony murder conviction. *Belk*, however, has nothing to do with Greer's case, as he was not convicted of felony murder based on

5

some underlying offense, but rather was convicted of first degree murder via evidence that he had performed acts --the high speed chase-- knowing there was a strong possibility death or great bodily harm could result. Thus, Greer's claim is a non-starter. In any event, as Greer has framed this claim, it is an issue of state law and is therefore noncognizable on federal habeas review. *See Bobo v. Kolb*, 969 F.2d 391, 399 (7th Cir. 1992).

### 3. Claim that trial court erroneously dismissed his post-conviction petition

In his third claim, Greer asserts that the trial court erred in dismissing his post-conviction petition at its initial stage when it failed to accept the facts contained in the petition and the accompanying affidavits and medical records as true. This claim is not cognizable on habeas review. Greer has no federal constitutional right to post-conviction relief, *Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987), so alleging procedural errors in state post-conviction proceedings fails to present a claim for which Greer is entitled to relief in this Court. *See also Jackson v. Duckworth*, 112 F.3d 878, 880 (7th Cir.), cert. denied, 522 U.S. 955 (1997).

### 4. Sufficiency of the evidence

Respondent concedes that Greer has properly preserved for federal review his contention that the prosecution did not present sufficient evidence at trial that Greer was fleeing from the police when he crashed into the victim. Relief is available on this claim only if the Illinois courts' adjudication of it "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court." 28 U.S.C. § 2254(d)(1). In *Williams v. Taylor*, 529 U.S. 362 (2000), the Supreme Court held that a state court decision is contrary to the Court's precedent if it "applies a rule that contradicts the governing law set forth in our cases," *id.* at 405, or if it "confronts a set of facts

that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent." *Id.* at 406. A state court unreasonably applies clearly established law if the state court "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Id.* at 406-08. Unreasonableness is determined by an objective standard. *Id.* at 409-10.

Greer argues that the prosecution's failure to prove that he was fleeing police at the time of the crash amounted to an absence of proof that he possessed the requisite mental state for murder. The constitutional standard for sufficiency of the evidence is whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). In reviewing Greer's conviction, the appellate court noted that the requisite mental state for first degree murder could be inferred from the evidence, and all that the prosecution had to show was that Greer voluntarily and willfully committed an act the natural tendency of which was to end another person's life. App. Op. at 6, *citing* 720 ILCS 5/9(a)(2). The appellate court applied the proper legal standard to Greer's claim. The court further noted that knowledge that the manner in which he operated the stolen vehicle created a strong probability of death was sufficient to support Greer's conviction for first degree murder. *Id.* at 7-8.

Greer argues that he was under the severe influence of narcotics and therefore unable to form the requisite mental state for murder. The appellate court noted that under Illinois law, for Greer's voluntary intoxication to constitute a defense to his murder charge, it must have been so extreme that it suspended the power of reason or rendered him incapable of forming the requisite intent to commit the offense. App. Op at. 8, *citing* 720 ILCS 5/6-3(a); *People v. Mocaby*, 194 Ill.

7

App. 3d 441, 448 (1990); *People v. Martin*, 233 Ill. App. 3d 466, 468 (1992). After reviewing the evidence, the court found that in Greer's case, the evidence as a whole demonstrated that he acted with purpose and rationality. *Id.* The court cited Greer's purposeful activity to avoid capture, including his avoidance of the police while driving the stolen vehicle, and his dexterity in getting out of the truck after the crash, escaping the police while partially handcuffed, and fleeing to the roof of a building. *Id.* at 9. The court also found compelling the fact that Greer had the presence of mind to clothe himself with a shirt taken from the residence he illegally entered. *Id.* In assessing the sufficiency of the evidence, the appellate court used the proper standard, *id.* at 5-6, and it applied that standard reasonably. Although Greer may have been under the influence of narcotics, we cannot say that no reasonable juror could have found that his actions were voluntary and willful.

The appellate court also rejected Greer's contention that the prosecution failed to prove beyond a reasonable doubt that he was fleeing from police during the short drive police observed prior to the crash. The court said that it could infer from the evidence that Greer was indeed attempting to flee just prior to the crash. App. Op. at 10. In disposing of this claim, the court addressed Greer's contentions, namely, that the officers failed to issue him a ticket for fleeing and eluding, and that the trial court found that he was not proved guilty of the charge of aggravated fleeing. *Id.* at 9-10. Greer, however, does not advance these same arguments in his habeas petition. Thus, the Court need only address Greer's contention that the evidence demonstrates that he did not know police were pursuing him and that his erratic driving was a result of his narcotics intoxication, not an attempt to elude police. Greer presented these arguments to the state courts. Those courts analyzed the facts and applied the proper legal

8

standard, that is, whether a rational trier of fact could reasonably conclude that he was fleeing. On habeas review, we are required to give deference to the trier of fact, and are not permitted to substitute our judgment or reweigh the evidence. *Ford v. Ahitow*, 104 F.3d 926, 935 (7th Cir. 1997). The evidence, viewed in the light most favorable to the prosecution, supported the trial and appellate courts' findings, and thus Greer is not entitled to federal habeas corpus relief.

## Conclusion

For the reasons stated above, the Court denies Greer's petition for habeas relief. Greer's motion for reconsideration of the denial of appointment of counsel [docket # 14] is denied. The Clerk is directed to enter judgment in favor of respondent.

MATTHEW F. KENNELLY
United States District Judge

Date: September 13, 2004